IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-80876-TLS |
| | ) | |
| ALVO GRAIN AND FEED, INC., | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |

### ORDER

Hearing was held in Omaha, Nebraska, on January 11, 2010, on an objection to claim of Billy Schuelke filed by the Chapter 7 Trustee, Richard D. Myers (Fil. #384), and a resistance by Billy Schuelke (Fil. #411). Erin R. Harris appeared on behalf of the Chapter 7 Trustee, and Victor Covalt appeared for Billy Schuelke. The parties have now filed post-hearing briefs, and the matter has been submitted for decision.

Alvo Grain and Feed, Inc. filed this case as a Chapter 11 proceeding on April 4, 2008. It was converted to a Chapter 7 proceeding on December 17, 2008, and Richard D. Myers was appointed as the Chapter 7 Trustee. Prior to filing the case, Debtor had voluntarily surrendered its grain dealer's license and warehouse license to the Nebraska Public Service Commission ("NPSC"). Thereafter, the NPSC took title to the grain in trust for distribution on a pro rata basis to all valid owners and depositors. The NPSC used its authority under Nebraska law to sell the grain and hold hearings regarding ownership and entitlement to the proceeds.

On July 29, 2008, Mr. Schuelke filed a proof of claim and an amended proof of claim in the amount of $179,573.70 based upon 15,348.18 bushels of soybeans he had in open storage at Alvo Grain. On April 30, 2009, Mr. Schuelke filed an amended statement of claim, again asserting a claim in the amount of $179,573.70 based on 15,348.18 bushels of soybeans.

Based largely on documentation deficiencies,[1] the NPSC found that Mr. Schuelke was not a valid owner, depositor, or storer of grain and denied his claim to grain proceeds. However, on February 19, 2009, the District Court of Cass County, Nebraska, reversed the decision of the NPSC finding that Mr. Schuelke had presented competent evidence to establish that he was the owner and storer of 15,348.18 bushels of soybeans. Subsequently, the NPSC and Mr. Schuelke entered into a settlement agreement in which Mr. Schuelke agreed to accept $157,228.30 from the NPSC for his 15,348.18 bushels of soybeans.[2]

---

[1] Some time after storing his soybeans at Alvo Grain, an officer of the company approached Mr. Schuelke and convinced him to sign a contract that made it appear as if the transaction were a sale of the grain instead of mere storage.

[2] In the settlement, Mr. Schuelke reserved the right to pursue additional amounts against Alvo in this bankruptcy proceeding.

Mr. Schuelke filed an application for attorneys' fees in the District Court of Cass County, Nebraska, but that application was denied by that court because it found that the position of the NPSC was substantially justified. He now argues that even though he could not collect his attorneys' fees from the NPSC, his proof of claim in this bankruptcy proceeding should include attorneys' fees incurred in collecting payment for the grain from the NPSC.

As Mr. Schuelke correctly points out in his brief, a properly filed proof of claim is prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). Further, the sole basis of objection by the Chapter 7 Trustee was that the claim was paid by the NPSC. Thus, the amount and validity of the claim is not at issue, so the starting point is that Mr. Schuelke had a valid claim in the amount of $179,573.70.

Mr. Schuelke admits to having received payment for the grain from the NPSC in the amount of $157,228.30.[3] However, he argues that his claim in this bankruptcy proceeding should be increased by the attorneys' fees he incurred in the amount of $57,472.71 in proving his entitlement to payment from the NPSC. His theory is based on *Tetherow v. Wolfe*, 223 Neb. 631, 392 N.W.2d 374 (1986), which found one who, through the tort of another, has been required to bring an action against a third person, is entitled to recover against the tortfeasor attorneys' fees and costs incurred in the earlier action. Specifically, Mr. Schuelke asserts that misrepresentations were made to him by an officer of Alvo Grain and that same person negligently prepared the contract regarding the grain stored by Mr. Schuelke.

Both parties briefed the issue of recoverability of attorneys' fees under Nebraska law. However, I do not believe it is necessary to address that issue here. Instead, the undisputed evidence is that, but for payment, Mr. Schuelke is entitled to a claim in this proceeding in the amount of $179,573.70, less storage charges of $9,239.60.[4] Thus, the only remaining question is how much his claim should be reduced as a result of payment from a third party.

It is also undisputed that Mr. Schuelke was paid $157,228.30 by the NPSC, but that obtaining that payment cost him $57,472.71. Accordingly, his net recovery from the NPSC was $99,755.59. Again, the only objection to the claim asserted by the Chapter 7 Trustee is the matter of payment. Mr. Schuelke's net recovery for the grain he had stored at Alvo Grain was $99,755.59, not the gross payment of $157,228.30. He would not have received *any* payment (and therefore would have been

---

[3]In addition, Mr. Schuelke received $8,460.75 representing a pro rata share of the interest earned by the NPSC on funds prior to distribution. However, such amount should not be included in this calculation since it was in addition to and separate from the principal amount paid to Mr. Schuelke for his grain claim.

[4]Mr. Schuelke admits both in his resistance and his brief that he should have been charged this amount for storage of the grain for the time period prior to June 1, 2006, without any storage charges thereafter.

-2-

entitled to his full proof of claim amount of $179,573.70) but for his expenditure of attorneys' fees in the pursuit of his claim against the NPSC. This is not a determination of whether attorneys' fees are collectible under Nebraska law or bankruptcy law. Instead, it is a determination of whether the amount of the claim submitted by Mr. Schuelke has been paid. The net amount paid, that is, the amount he has actually recovered for his grain, is $99,755.59. Thus, the amount of Mr. Schuelke's claim is calculated as follows:

| | | |
|---|---|---|
| Total allowed claim | - | $179,573.70 |
| Less storage prior to 06/01/06 | - | <9,239.60> |
| Less net recovery from NPSC | - | <99,755.59> |
| Total remaining claim | - | $ 70,578.51 |

IT IS, THEREFORE, ORDERED that the Chapter 7 Trustee's objection to claim (Fil. #384) is granted in part, and the claim of Mr. Schuelke (Claim #58) should be allowed as a general unsecured claim in the reduced amount of $70,578.51.

DATED: March 5, 2010.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Erin R. Harris/Richard D. Myers
    Victor Covalt
    United States Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.